```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Hilary Bricker, et al.,              :

    Plaintiffs,                      :

  v.                                 :    Case No. 2:10-cv-278

                                               :    JUDGE WATSON

R&A Pizza, et al.,
                                             :

    Defendants.

<u>ORDER</u>

This matter is before the Court to consider the motion for leave to amend the complaint filed by plaintiffs. Defendant Domino's Pizza has opposed the motion, and the motion has been fully briefed. For the following reasons, the motion for leave to amend will be granted.

I. <u>Background</u>

In this employment discrimination case, plaintiffs, both of whom are employed by defendant R & A Pizza, claim to have been sexually harassed by defendant Russell Mentzer. In the original complaint, plaintiffs alleged state law claims of negligence and negligent supervision against Domino's. Domino's moved to dismiss the claims against it asserting that they are insufficient as a matter of law because plaintiffs have not alleged any special relationship with Domino's giving rise to a duty of care. The motion to dismiss is currently pending.

Through their motion for leave to amend, plaintiffs assert that they are seeking to clarify the nature of the relationship between the parties. The amended complaint also proposes to assert harassment and retaliation claims under Title VII and Ohio law against Domino's.

Domino's has challenged the motion for leave to amend solely

on grounds of futility.  According to Domino's, the proposed amended complaint fails to demonstrate that Domino's was the statutory employer of the plaintiffs for purposes of their harassment and retaliation claims under Title VII and Ohio law. Further, Domino's asserts that plaintiffs have not alleged compliance with administrative prerequisites sufficient to support a claim against Domino's under Title VII.  Finally, Domino's contends, consistent with its motion to dismiss, that the plaintiffs' claims for negligence and negligent supervision do not allege a relationship sufficient to support Domino's liability.

## II. Fed.R.Civ.P. 15

Fed.R.Civ.P. 15(a)(2) states that when a party is required to seek leave of court in order to file an amended pleading, "[t]he court should freely give leave when justice so requires." The United States Court of Appeals for the Sixth Circuit has spoken extensively on this standard, relying upon the decisions of the United States Supreme Court in Foman v. Davis, 371 U.S. 178 (1962) and Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971), decisions which give substantial meaning to the "when justice so requires."  In Foman, the Court indicated that the rule is to be interpreted liberally, and that in the absence of undue delay, bad faith, or dilatory motive on the part of the party proposing an amendment, leave should be granted.  In Zenith Radio Corp., the Court indicated that mere delay, of itself, is not a reason to deny leave to amend, but delay coupled with demonstrable prejudice either to the interests of the opposing party or of the Court can justify such denial.

Expanding upon these decisions, the Court of Appeals has noted that:

> [i]n determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to

>            expend significant additional resources to conduct
>            discovery and prepare for trial; significantly
>            delay the resolution of the dispute; or prevent
>            the plaintiff from bringing a timely action in
>            another jurisdiction.

Phelps v. McClellan, 30 F.3d 658, 662-63 (6th Cir. 1994) (citing Tokio Marine & Fire Insurance Co. v. Employers Insurance of Wausau, 786 F.2d 101, 103 (2d Cir. 1986)). See also Moore v. City of Paducah, 790 F.2d 557 (6th Cir. 1986); Tefft v. Seward, 689 F.2d 637 (6th Cir. 1982). Stated differently, deciding if any prejudice to the opposing party is "undue" requires the Court to focus on, among other things, whether an amendment at any stage of the litigation would make the case unduly complex and confusing, see Duchon v. Cajon Co., 791 F.2d 43 (6th Cir. 1986) (per curiam), and to ask if the defending party would have conducted the defense in a substantially different manner had the amendment been tendered previously. General Electric Co. v. Sargent and Lundy, 916 F.2d 1119, 1130 (6th Cir. 1990); see also Davis v. Therm-O-Disc, Inc., 791 F. Supp. 693 (N.D. Ohio 1992).

    The Court of Appeals has also identified a number of additional factors which the District Court must take into account in determining whether to grant a motion for leave to file an amended pleading. They include whether there has been a repeated failure to cure deficiencies in the pleading, and whether the amendment itself would be an exercise in futility. Robinson v. Michigan Consolidated Gas Co., 918 F.2d 579 (6th Cir.1990); Head v. Jellico Housing Authority, 870 F.2d 1117 (6th Cir.1989). The Court may also consider whether the matters contained in the amended complaint could have been advanced previously so that the disposition of the case would not have been disrupted by a later, untimely amendment. Id. It is with these standards in mind that the instant motion to amend will be decided.

III. <u>Analysis</u>

With respect to Domino's futility argument, there is some conceptual difficulty presented when the primary basis for a party's opposition to the filing of an amended pleading is that the pleading is futile, *i.e.* that it fails to state a claim upon which relief can be granted. A Magistrate Judge cannot ordinarily rule on a motion to dismiss, <u>see</u> 28 U.S.C. §636(b)(1)(A), and denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits of that claim.

At least where the claim is arguably sufficient, it is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss. Even a District Judge may choose to adopt this approach: "The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed." <u>Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Md.</u>, 715 F.Supp. 578, 581 (S.D.N.Y. 1989). Consequently, rather than determining the actual legal sufficiency of the new claim, in many cases it will suffice to determine if there is a substantial argument to be made on that question and, if so, to allow the amended pleading to be filed with the understanding that a motion to dismiss for failure to state a claim may follow.

Here, plaintiffs have made the colorable argument that the proposed amended complaint clarifies the nature of the relationship between the parties in a manner sufficient to withstand a motion to dismiss. Under this circumstance, the Court believes that it is a better exercise of discretion to permit the amendment. In reaching this conclusion, the Court notes that Domino's has not asserted any prejudice it will suffer if leave to amend is granted. Consequently, the motion for leave

to amend will be granted. The defendants, of course, may pursue a motion to dismiss or other dispositive motion directed to the amended complaint.

## IV. Disposition

Based on the foregoing, the plaintiff's motion for leave to file an amended complaint (#14) is granted. The Clerk shall detach and file the amended complaint attached to the motion.

## APPEAL PROCEDURE

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge