```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

Hilary Bricker, et al.,           :

      Plaintiffs,               :

   v.                              :        Case No. 2:10-cv-278

                                   :        JUDGE WATSON

R&A Pizza, Inc., et al.,          :

      Defendants.               :

ORDER

     This employment discrimination case is before the Court to consider the motion for leave to file instanter a second amended complaint. The motion was filed by plaintiffs Hilary Bricker and Katie Bricker. Defendants R & A Pizza, Russell Mentzer, and Domino's Pizza LLC have all opposed the motion. The Brickers have not filed a reply. For the following reasons, the motion (Doc. #47) will be denied.

I. Background

     The Brickers filed their original complaint on April 1, 2010, alleging claims for sexual harassment and retaliation under Title VII and Ohio law. After Domino's filed a motion to dismiss, the Brickers, through a motion filed August 16, 2010, sought leave to amend the original complaint to add allegations clarifying an agency or joint venture relationship between the defendants. This motion was granted, and the amended complaint was filed, on October 4, 2010.

     Prior to the Brickers' filing of their first motion for leave to amend, State Farm Fire & Casualty Company, as insurer for R & A Pizza and Mr. Mentzer, filed a motion for leave to intervene as a third-party defendant to seek a ruling as to coverage. This unopposed motion was granted, and the

intervention complaint was filed on September 14, 2010.

The deadline for filing motions to amend the complaint, established in this Court's preliminary pretrial order, was September 15, 2010. The Brickers' current motion for leave to file a second amended complaint was filed on November 13, 2010, almost two months later.

## II.  The Motion for Leave to Amend

Through their current motion, the Brickers seek to add state law tort claims of assault and battery. They recognize that the statutes of limitations for these claims have passed but contend that these claims arise out of the "same conduct, transaction, or occurrence" set out in the original complaint. Accordingly, the Brickers contend that the requirements of Fed.R.Civ.P. 15(c)(1)(B) have been met with respect to the relation back of these claims such that the proposed amendments are proper.

The Brickers do acknowledge that the deadline for any amendments to the complaint also has passed. However, they offer little or no argument, framed in terms of Fed.R.Civ.P. 16(b) or otherwise, in favor of modifying this deadline. At most, they seem to suggest, without any authority or attempt at explanation, that State Farm's filing of an intervention complaint warrants a modification of the case schedule and that their amendments are being requested within a "reasonable" time of that filing. They also note, perhaps in an effort to demonstrate the lack of any potential prejudice to the defendants, that there is sufficient time to conduct additional discovery on the proposed claims.

Defendants R & A Pizza and Mr. Mentzer oppose the motion on grounds that the Brickers have not asserted good cause for seeking leave to amend after the established deadline. These defendants contend that the Brickers have known about the facts giving rise to these proposed claims since as early as May, 2009, as evidenced by the charges filed against R & A Pizza with the

Ohio Civil Rights Commission.  See Exhibits A & B to Memorandum in Opposition (Doc. #55).  Further, these defendants argue that the Brickers' suggestion that the proposed claims are necessitated by State Farm's intervention complaint is not supported by the two-month lapse between the filing of that complaint and the current motion.  Additionally, R & A and Mr. Mentzer contend that the Brickers have already filed one amended complaint and have been dilatory in making a second motion.  Finally, these defendants assert that they will be prejudiced by the proposed amendment because the various depositions and discovery undertaken to date have not addressed these claims.  Alternatively, they argue that, if the Brickers' motion is granted, any assault and battery claims should be limited to actions occurring after April 1, 2009.

In its response to the motion, Domino's also asserts that the Brickers have not established good cause for extending the deadline for amendments to the complaint.  According to Domino's, this failure to provide any explanation in support of an extension is wholly unacceptable given that the Brickers have amended their complaint once and have known of these alleged claims for a year prior to filing the original complaint.

Additionally, Domino's opposes the motion on grounds of undue delay, prejudice, and futility.  With respect to delay and prejudice, Domino's argues that the Brickers foreclosed a ruling on its motion to dismiss the original complaint by amending and they should not be allowed the same opportunity with respect to the current motion to dismiss.  As Domino's explains, a second amendment will require it to file a third motion to dismiss and will allow the Brickers effectively to have delayed a dispositive ruling for nine months.  With respect to the issue of futility, Domino's contends that, as with the rest of the Brickers' claims directed to Domino's, the proposed assault and battery claims are

not legally cognizable.

### III.  Analysis

Fed.R.Civ.P. 15(a) states that when a party is required to seek leave of court in order to file an amended pleading, "leave shall be freely given when justice so requires."  However, when, as here, the deadline established by the Court's scheduling order has passed, the Sixth Circuit has made clear that, "a plaintiff must first show good cause under Rule 16(b) for failure earlier to seek leave to amend" and the Court "must evaluate prejudice to the nonmoving party 'before a court will [even] consider whether amendment is proper under Rule 15(a).'"  Commerce Benefits Group, Inc v. McKesson Corp., 326 Fed. Appx. 369, 376 (6th Cir. 2009)(quoting Leary v. Daeschner, 349 F.3d 888, 909 (6th Cir. 2003)); see also Hill v. Banks, 85 Fed. Appx. 432, 433 (6th Cir. 2003).  Consequently, the Court is permitted to examine the standard factors governing amendments of the complaints under Rule 15(a) only if it is satisfied that the date for the filing of a motion for leave to amend is properly extended under the good cause provisions of Rule 16(b).

Further, although the Court has broad discretion to modify its own pretrial orders, it must be remembered that "[a]dherence to reasonable deadlines is ... critical to maintaining integrity in court proceedings," Rouse v. Farmers State Bank, 866 F.Supp. 1191, 1199 (N.D. Iowa 1994), and that pretrial scheduling orders are "the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner."  Id. at 1198.  In evaluating whether the party seeking modification of a pretrial scheduling order has demonstrated good cause, the Court is mindful that "[t]he party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines."  Deghand v. Wal-Mart Stores, 904 F.Supp. 1218, 1221 (D. Kan. 1995).  The focus is primarily upon the

diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause.  Tschantz v. McCann, 160 F.R.D. 568, 571 (N.D. Ind. 1995).  Of course, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  Dilmar Oil Co. v. Federated Mut. Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997). Further, although the primary focus of the inquiry is upon the moving party's diligence, the presence or absence of prejudice to the other party or parties is a factor to be considered.  Inge v. Rock Financial Corp., 281 F.3d 613 (6th Cir. 2002).

   Here, the Brickers have offered essentially no explanation for their failure to seek a second amendment prior to the established deadline.  The motion for leave asserts as grounds for their proposed assault and battery claims Hilary Bricker's testimony "that Mentzer grabbed her buttocks in April 2009" and Katie Bricker's allegation "that Mentzer kissed her buttocks in April of 2009."  See Motion (Doc. #47), p. 3.  These statements are virtually identical to allegations made before the Ohio Civil Rights Commission.  For example, in Katie Bricker's factual statement in support of her charge dated May 12, 2009, she stated "... and most recently on April 30, 2009, [Mr. Mentzer] physically kissed my backside."  See Exhibit A to Memorandum in Opposition (Doc. #55).  Further, Hilary Bricker stated in the factual statement of her charge, dated May 18, 2009, "[m]ost recently, on April 15, 2009, Mr. Mentzer grabbed my buttocks twice ...."  See Exhibit B to Memorandum in Opposition (Doc. #55).

   Under this circumstance, and putting aside any issue as to why these claims were not asserted in either the original or first amended complaint, the Court believes that the Brickers, in the exercise of any diligence, were able to pursue their proposed claims within the scheduled time frame for amending.  They have

not really addressed this issue beyond a vague and undeveloped argument relating to State Farm's intervention. However, to the extent they are suggesting that State Farm's position somehow placed their pursuit of these claims in a different tactical light, they still have failed to demonstrate the exercise of due diligence in tendering the amended complaint.

State Farm, having been providing a defense to plaintiffs' claims under a reservation of rights, filed its motion for leave to intervene on August 5, 2010, and attached a copy of the proposed intervention complaint. Under this Court's Local Civil Rules, the parties had until August 26, 2010, to file any opposition to the motion. No opposition or request for any extension of time was filed. Consequently, accepting as true the Brickers' suggestion that State Farm's actions impacted their decision to pursue these proposed claims, they had more than sufficient time to seek leave and easily could have filed their motion before the September 15, 2010 deadline - even had they waited until the Court's formal granting of State Farm's unopposed motion, and the filing of the intervention complaint, on September 14, 2010. However, they did not seek leave to amend until November 13, 2010 - exactly 60 days after the Court's order and filing of the intervention complaint and 59 days after the deadline for such motions. Contrary to the Brickers' characterization, the Court does not find such a lapse in time "reasonable" in this case where the proposed claims were long known and uncomplicated and State Farm's position should have been clear to the Brickers minimally as early as August 5, 2010.

Based on the record before it, the Court cannot conclude that the Brickers exercised due diligence in moving for leave to amend after the deadline. Accordingly, the Brickers have not established the good cause required for a modification of the case schedule under Rule 16(b) and the Court need not undertake

any analysis under Rule 15(a). Consequently, the motion for leave to amend will be denied.

## IV. Conclusion

Based on the foregoing, plaintiffs' motion for leave to amend the complaint (Doc. #47) is denied.

## V. Procedure for Reconsideration

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge