IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Hilary Bricker, et al.,

    Plaintiffs,

v.

R & A Pizza, Inc., et al.,

    Defendants.

Case No. 2:10–cv–278

Judge Michael H. Watson

## OPINION AND ORDER

This employment discrimination case is before the Court on Defendant Domino's Pizza LLC's motion to dismiss the amended complaint. For the following reasons, the motion (ECF No. 45) will be granted.

### I. BACKGROUND

The Brickers filed their original complaint on April 1, 2010, alleging claims for sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 et seq. and Ohio law, as well as state law negligence claims. Domino's, which stands in a franchisor-franchisee relationship with Defendant R & A Pizza, Inc., filed a motion to dismiss the original complaint contending that the complaint did not allege that the Brickers were employed by Domino's or that any Domino's employees committed any of the acts in question. The Brickers then sought leave to amend the original complaint to add allegations which supposedly support the existence of an agency or joint venture relationship between Defendants. That motion was granted, and the amended complaint was filed on October 4, 2010.

The amended complaint contains the following allegations. Russ Mentzer is the owner, or part owner, of R & A Pizza in Mount Vernon, Ohio. (Amend. Compl., ECF No. 29, ¶2.) Mr. Mentzer, and perhaps R & A Pizza, is the owner of three Domino's Pizza franchise stores. *Id.* Hilary Bricker has been employed by Defendants since August 25, 2005. (*Id.*, ¶1.) Katherine Bricker has been employed by Defendants since August 8, 2008. (*Id.*)

During the Brickers' employment with the Defendants, they have been subjected to several instances of inappropriate and unwelcome conduct of a sexual nature by Mr. Mentzer. (Am. Compl., ¶9.) Specifically, this conduct has included "grabbing," "touching," and "kissing" as well as "sexual advances" and "requests for sexual favors." (*Id.*) R & A Pizza and Domino's have not responded to the Brickers' complaints about Mr. Mentzer's actions. (*Id.*, ¶¶11-12.) Instead, these Defendants have retaliated against the Brickers for raising the complaints. (*Id.*, ¶¶20-21.)

The amended complaint further alleges that Domino's knew or should have known about Mr. Mentzer's inclinations and that his "personal traits" caused him to be an "inappropriate candidate" for a franchisee. (Amend Compl., ¶ 37.) Additionally, the amended complaint alleges that Domino's owed the Brickers a duty of care to protect them from Mr. Mentzer which Domino's has breached by permitting Mr. Mentzer's conduct to continue. (Id., ¶¶38-44.) Similarly, the amended complaint asserts that Domino's breached a duty of care which it allegedly owed to the Brickers by its negligent supervision of Mr. Mentzer. (Id., ¶¶46-50.)

## II. STANDARD OF REVIEW

A claim survives a motion to dismiss pursuant to Federal Rule of Civil Procedure

12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555-56 (internal citations omitted).

A court also must "construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002) (citing *Tucker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998)). In doing so, however, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause will not do." *Twombly*, 550 U.S. at 555. *See also Iqbal*, 129 S.Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). The court must read *Twombly* in conjunction with Federal Rule of Civil Procedure 8(a)(2), which requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Gunaskera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). "[A] naked assertion . . . gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility . . . ." *Twombly*, 550 U.S. at 557. Thus, "something beyond a mere possibility of [relief] must be alleged lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of

other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Id.* at 557-58 (internal citations omitted).

### III. DOMINO'S MOTION TO DISMISS

Domino's contends that all claims against it should be dismissed because the Brickers, in amending their complaint, did nothing more than add the words "and Domino's" twenty-four times to the allegations of the original complaint. As a result, Domino's argues that these allegations are nothing more than conclusory and do not satisfy the pleading requirements of *Twombly* and *Iqbal*. Specifically, Domino's asserts that, as a franchisor, it generally is not liable for violations of employment statutes by its franchisees, and the Brickers have not alleged any other legal relationship which would make it liable.

Further, Domino's argues that the Brickers have failed to demonstrate that they have met the statutory prerequisites for pursuing a Title VII claim against it. As with the Brickers' other claims, Domino's claims that the Brickers' assertion that they have "complied with the administrative prerequisites" is insufficient under the standards of *Twombly* and *Iqbal*. Finally, Domino's contends that the Brickers do not sufficiently allege any relationship among the Defendants beyond that of franchisor/franchisee and that such a relationship cannot support Domino's liability for negligence.

In response, the Brickers argue that Domino's can be held liable for the actions of the other Defendants under theories such as actual agency, apparent agency, or agency by estoppel. Further, the Brickers contend that this suit can proceed against Domino's, even though Domino's was not named in the administrative charge, because Domino's shares an "identity of interest" with the party named in the charge. Finally,

they assert that their allegation of a franchisor-franchisee relationship is sufficient to establish Domino's liability for the wrongful acts of R & A Pizza. In support of their position, the Brickers have submitted several exhibits including an affidavit from Katherine Bricker.

In reply, Domino's argues that the Court cannot consider documents beyond the complaint in addressing a motion to dismiss, and that the complaint, standing alone, does not satisfy the pleading standards established in *Twombly* and *Iqbal*. Specifically, Domino's contends that the Brickers have not pled any facts demonstrating that Domino's was their employer for purposes of liability under Title VII or Ohio law. Domino's contends that, to the extent the Brickers suggest that Domino's could be liable under a single or joint employer theory, these theories also have been pled insufficiently.

Further, Domino's asserts that, to the extent the Brickers contend that Domino's can be liable based on an agency theory, they have not alleged facts in the complaint sufficient to plausibly suggest an agency relationship between Domino's and the other Defendants. According to Domino's, the sole agency allegation is found in paragraph 8 of the amended complaint and is nothing more than conclusory. On the other hand, Domino's notes that the Brickers acknowledged the franchisor-franchisee relationship between Domino's and R & A Pizza nine times in the amended complaint.

Additionally, Domino's argues that the Brickers have not alleged an "identity of interest" between it and the other Defendants sufficient to overcome their failure to file an EEOC charge against Domino's. Domino's points out that the single case cited by the Brickers in support of their position, *Baetzel v. Home Instead Senior Care*, 370 F.

Supp. 2d 631 (N.D. Ohio 2005), supports the conclusion that a franchisor/franchisee relationship, on its own, does not establish an identity of interest.

Finally, with respect to the Brickers' negligence claims, Domino's contends that they have made only conclusory assertions insufficient to satisfy the pleading standards of *Twombly* and *Iqbal*. Specifically, Domino's argues that the Brickers have not pled any facts demonstrating that Domino's owed them any duty of care.

## IV. ANALYSIS

Initially, the Court will address the issue raised by Domino's in its reply relating to the exhibits attached to the Brickers' response. There is no question that a motion to dismiss under Rule 12(b)(6) is directed to the "sufficiency of the plaintiff's claim" and a court "may consider only matters properly part of the complaint or pleadings in deciding the motion." *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001) (citations omitted); *see also Riggs Drug Co., Inc. v. Amerisourcebergen Drug Corp.*, 2010 WL 3630123, at *1 (E.D. Tenn. Sept. 13, 2010). Consequently, before proceeding, the Court must determine whether the exhibits attached to the Brickers' response are materials "outside the pleadings." *See* Fed. R. Civ. P. 12(d). Under the Sixth Circuit's "liberal view of what matters fall within the pleadings for purposes of Rule 12(b)(6)," certain documents may be considered without converting the motion into one for summary judgment. *Armengau*, 7 F. App'x at 344. "If referred to in a complaint and central to the claim, documents attached to a motion to dismiss form part of the pleadings." *Id.*; *see also Willcox v. Tennessee Dist. Attorneys Gen. Conference*, 2008 WL 4510031 (E.D. Tenn. Sept. 30, 2008) (applying same standard to documents attached to response to motion to dismiss).

To the extent the materials attached to their response could be considered "central" to the Brickers' claims, they are not specifically referred to in the complaint. Under this circumstance, the Court finds these materials to be outside the pleadings. As a result, if these materials were considered, the Court would be required to convert the motion to one for summary judgment under Fed. R. Civ. P. 56. The Court sees no reason to do that here. The issues raised by Domino's can be addressed properly under Fed. R. Civ. P. Rule 12(b)(6). Accordingly, the Court will not consider the materials attached to the Brickers' response.

## A. Title VII Claim

Turning to the merits of the motion to dismiss, the Court will first address Domino's argument that the Brickers cannot succeed on their Title VII claims against it because of their failure to name Domino's in their EEOC charge. The Brickers do not dispute their failure to name Domino's in their charge. Both parties agree, however, that the failure to name a defendant as a respondent in an EEOC charge does not mandate dismissal. Rather, an unnamed party will not be dismissed from a Title VII suit when it shares an "identity of interest" with a party named in the charge. *Baetzel v. Home Instead Senior Care*, 370 F. Supp. 2d 631, 636 (N.D. Ohio 2005) (citing *Romain v. Kurek*, 836 F.2d 241, 245 (6th Cir. 1987)); *see also E.E.O.C. v. Jeff Wyler Eastgate, Inc.*, 2006 WL 2785774 (S.D. Ohio Jan. 9, 2006).

The Sixth Circuit uses two methods to determine whether an identity of interest exists between a named and unnamed party. *Baetzel,* 370 F. Supp. 2d at 636. First, an identity of interest may exist if an unnamed party "has been provided adequate notice of the charge under circumstances which afford him [sic] an opportunity to

participate in conciliation proceedings aimed at voluntary compliance." *Id.* (internal citation omitted). The second method requires a court to consider the following factors in making its determination: (1) whether the unnamed party, through reasonable effort by the complainant, could be ascertained at the time of filing; (2) whether the interests of the unnamed party are so similar that for purposes of obtaining voluntary conciliation and compliance it would be necessary to include the unnamed party in the EEOC proceedings; (3) whether the absence from the EEOC proceedings resulted in actual prejudice to the unnamed party's interests; and (4) whether the unnamed party has somehow represented to the complainant that its relationship with the complainant is to be through the named party. *Id.* at 636–37; *see also Glus v. G.C. Murphy Co.*, 562 F.2d 880 (3rd Cir. 1977).

In their amended complaint, the Brickers do not make any allegations addressed to the identity of interest between Domino's and the Defendants named in the EEOC charge. They simply allege that they are "employed with defendants." Further, they allege that they "have complied with administrative prerequisites by filing a dual charge of discrimination with the Ohio Civil Rights Commission and the Equal Employment Opportunity Commission ("EEOC"). (Amend. Compl., ¶5.) These allegations, without any factual support, are insufficient to establish that the Brickers have met the prerequisites for bringing suit under Title VII against Domino's.

## B. Title VII and State Law Sexual Harassment and Retaliation Claims

Even assuming that the Brickers had met the Title VII prerequisites, for the reasons that follow, they still have failed to state a claim against Domino's for violations of either Title VII, R.C. Chapter 4112, or Ohio common law. The focus of Domino's

motion to dismiss is that the Brickers' claims for sexual harassment and retaliation cannot succeed because they have failed to plead facts sufficient to demonstrate that Domino's, as a franchisor, is their employer.

"Title VII makes it 'an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 504 (2006) (quoting 42 U.S.C. §2000e-2(a)(1)). Further, Title VII "prohibits an employer from retaliating against an employee who has 'opposed' any practice by the employer made unlawful under Title VII . . . ." *Schramm v. Slater*, 105 F. App'x 34, 41 (6th Cir. 2004); *see also* 42 U.S.C. §2000e-3.

Ohio Revised Code §4112.02(A) contains similar language making it an "unlawful discriminatory practice" for an "employer" to discriminate on the basis of sex with respect to "hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment." Further, R.C.§ 4112. 02(I) prohibits an employer from retaliating against an employee "because that person has opposed any unlawful discriminatory practice . . . ."

In recognizing the common law tort of sexual harassment, Ohio courts require proof of the same elements as under R.C. §4112.02(A). *Minnich v. Cooper Farms, Inc.*, 39 F. App'x 289 (6th Cir. 2002); *Gallagher v. C.H. Robinson Worldwide, Inc.*, 567 F.3d 263 (6th Cir. 2009). Further, Title VII "is generally applicable to retaliation cases under Ohio common law." *Johnson v. General Motors Corp.*, 2008 WL 323151, at *3 (N.D.

Ohio Feb. 4, 2008). Consequently, there is no question that Domino's status as the Brickers' employer is a "threshhold matter." *Baetzel v. Home Instead Senior Care*, 370 F. Supp. 2d 631, 639 (N.D. Ohio 2005).

Generally, "a franchisor is not the employer of employees of the franchisee." *Raines v. Shoney's, Inc.*, 909 F. Supp. 1070, 1078 (E.D. Tenn. 1995) (citing *Armbruster v. Quinn*, 711 F.2d 1332, 1337-38 (6th Cir. 1983)). However, the Sixth Circuit has adopted a four-part test for determining employer status relevant to the consideration of whether a franchisor can be considered an employer of its franchisee's employees. *Baetzel*, 370 F. Supp. 3d at 639. Under that test, courts will treat two entities as a single employer where the following circumstances are found to exist: (1) interrelation of operations, (2) common management, (3) centralized control over labor relations, and (4) common ownership or financial control. *Id.* (citing *Armbruster*, *supra*).

In their complaint, the Brickers, while alleging a franchisor/franchisee relationship between "Mentzer and/or R & A Pizza" and Domino's, also allege that "[d]efendants Domino's, R & A Pizza and Mentzer were a single employer and or/were involved in a joint venture." Am. Compl. at ¶3, ¶8. The allegations that the Defendants are a single employer or involved in a joint venture are conclusory statements, and are also legal conclusions rather than factual averments. The Court believes that some "factual enhancement" beyond such statements is required under the standards set forth in *Twombly* and *Iqbal*. This is especially true where, as here, the amended complaint also alleges that Domino's is a franchisor. Absent any supporting factual allegations, the Court cannot conclude that the amended complaint demonstrates the plausibility of the Brickers' assertion that the Defendants operate as a single employer.

Similarly, these conclusory statements do not demonstrate the plausibility of the Brickers' assertion that the Defendants are engaged in a joint venture or, stated more accurately, acted as a joint employer. The Sixth Circuit has "recognized that the single employer and joint employer doctrines [are] analytically distinct." *Sanford v. Main Street Baptist Church Manor, Inc.*, 327 F. App'x 587, 592-593 (6th Cir. 2009) Two employers may be considered joint employers when they "'handle certain aspects of their employer-employee relationship jointly.'" *Id.* (quoting *Arculeo v. On-Site Sales & Mktg., L.L.C.*, 425 F.3d 193, 198 (2d Cir. 2005)). Under this doctrine, "'an employee, formally employed by one entity, who has been assigned to work in circumstances that justify the conclusion that the employee is at the same time constructively employed by another entity, may impose liability for violations of employment law on the constructive employer, on the theory that this other entity is the employee's joint employer.'" *Id.* The Brickers have made no factual allegations in their amended complaint suggesting that they were constructively employed by Domino's.

The Brickers' reliance on an agency theory to establish Domino's "employer" status fares no better. The sole agency allegation of the amended complaint is the following language found in paragraph 8: "Defendants R & A Pizza and /or Mentzer, were agents of Defendant Domino's." Again, this is a conclusory statement of a legal proposition without any supporting factual allegations to demonstrate its plausibility.

In short, the Brickers have failed to include any factual allegations in the amended complaint supporting their claim that Domino's was or can be deemed to have been their employer. Absent such factual allegations, the Brickers have failed to cross the line from the possibility to the plausibility that Domino's is their employer for

purposes of their Title VII and state statutory or common law claims. Consequently, Domino's motion to dismiss will be granted as to these claims.

### C. State Law Negligence Claims

The Brickers also have asserted two state common law negligence claims. The first claim, captioned as a simple negligence claim, can more accurately be described as a negligent hiring or retention claim. The second claim is a claim for negligent supervision. Under Ohio law, the elements for all three claims are the same. *Lutz v. Chitwood*, 337 B.R. 160, 169 (S.D. Ohio 2005). These elements are: "(1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employer's act or omission causing plaintiff's injuries; and (5) the employer's negligence in hiring or retaining the employee as the proximate cause of plaintiff's injuries." *Id.* (citing *Peterson v. Buckeye Steel Casings*, 133 Ohio App. 3d 715, 729 (1999)). In short, "if an employer, without exercising reasonable care, employs an incompetent person in a job that brings him into contact with others, then the employer is subject to liability for any harm the employee's incompetency causes." *Abrams v. Worthington*, 169 Ohio App. 3d 94, 98 (10th Dist. 2006) (internal citation omitted).

As the *Abrams* court explains, in order to prevail on such claims, a plaintiff must prove the basic elements of negligence including the existence of a duty of care. *Abrams*, 169 Ohio App. 3d at 99. Under Ohio law, "the existence of a duty depends upon the foreseeability of injury to the plaintiff." *Id.* (citing *Jeffers v. Olexo,* 43 Ohio St.3d 140, 142 (1989)). A duty to act does not arise from foreseeability alone, however. *Id.* (internal citations omitted). For example, "a defendant has no duty to protect a

plaintiff from or to control the conduct of a third person." *Id*. However, if a "special relationship" exists, requiring such a duty may be justified. *Id*. As is relevant to this case, the employer-employee relationship is generally considered such a special relationship. *Id*.

Here, in order to state a negligence claim against Domino's, the Brickers must allege, among other things, that Domino's is their employer. They must also provide some factual allegations in support of such an assertion to meet the requirements of *Twombly* and *Iqbal*. As discussed above, however, the amended complaint does not contain any factual allegations supporting the Brickers' conclusory assertion that they are employed by Domino's.

On the other hand, the amended complaint alleges, and Domino's does not dispute, the existence of a franchisor/franchisee relationship between Domino's and Mr. Mentzer. "'Under Ohio law a franchisor may be vicariously liable for a franchisee's tortious conduct under a theory of apparent agency or agency by estoppel . . . .'" *Coleman v. Chen*, 712 F. Supp. 117, 124 n.6 (S.D. Ohio 1988) (quoting *Broock v. Nutri/System, Inc.*, 654 F. Supp. 7, 10 (S.D. Ohio 1986)). That is, "'the existence of a franchisor-franchisee relationship between persons does not in itself preclude the existence of a principal-agent relationship between them.'" *Id*. (quoting *Taylor v. Checkrite, Ltd.*, 627 F. Supp. 415, 416 (S.D. Ohio 1986)). To determine whether a principal-agent relationship exists, courts consider the same factors as "in the absence of a franchisor-franchisee relationship." *Id*. Further, "[u]nder Ohio law, '[t]he determinative factor in deciding whether an agency relationship exists between a franchisor and a franchisee is the degree of control the franchisor has over the

operations of the franchisee's business.'" *Id.* (internal citation omitted). As discussed above, the amended complaint does not contain any factual allegations of an agency relationship between Domino's and the other Defendants. Without any factual averments supporting either the claim that Domino's acted as the Brickers' employer or that their actual employer was Domino's agent (and not just its franchisee), no special relationship could be inferred that would give rise to a duty of care owed by Domino's to the Brickers, at least with respect to either the hiring, retention, or supervision of Mr. Mentzer, who is concededly not a Domino's employee. Consequently, Domino's motion to dismiss will be granted as to the Brickers' negligence claims.

## V. CONCLUSION

Based on the foregoing, the motion to dismiss filed by Domino's Pizza LLC (ECF No. 45) is **GRANTED.** Plaintiffs' claims against Defendant Domino's Pizza, LLC are dismissed **WITH PREJUDICE**. In light of this, the motion for leave to file a supplemental affidavit (ECF No. 60) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

_____
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**