```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Hilary Bricker, et al.,           :

    Plaintiffs,                :

  v.                                :         Case No. 2:10-cv-278

                                      :         JUDGE MICHAEL H. WATSON
R & A Pizza, Inc., et al.,                  Magistrate Judge Kemp

    Defendants.                :

ORDER

This employment discrimination case is before the Court to consider the motion to compel filed by defendants R & A Pizza and Russell Mentzer.  Through this motion, the defendants seek to compel the production of tax returns filed by plaintiffs Hilary Bricker and Katie Bricker from 2007 through the present.  Alternatively, the defendants seek authorizations allowing the returns to be obtained directly from the Internal Revenue Service.  The motion has been fully briefed.  For the following reasons, the motion (#68) will be granted in part and denied in part.

I.  The Motion to Compel

The background of this case has been detailed in this Court's previous orders and will not be repeated here.  In their motion, the R & A defendants assert that tax returns are discoverable when they are relevant and when the information they contain is otherwise unavailable.  They contend that the Brickers' returns are relevant because the returns contain information relating to the issue of damages resulting from lost income and the veracity of the Brickers' testimony regarding their decisions to continue or end their employment with R & A Pizza.  Further, the R & A defendants argue that the information

they are seeking, at least as it relates to tip income from other sources, is unavailable from the Brickers' W-2 forms or from other past employers.

In response, the Brickers argue that the information relating to income from other employers contained in their tax returns dating back to 2007 simply is not relevant.  They contend that the income Katherine Bricker earned working for an employer prior to R & A Pizza is not relevant to calculating the amount of wages she lost when her employment with R & A Pizza was terminated.  Further, the Brickers dispute the defendants' assertion that the tax return information will address Hilary Bricker's claim that she maintained her employment with R & A Pizza because she could not afford to quit or Katherine Bricker's claim that she was forced to resign.  The Brickers concede that the information in their tax returns relating to their income from R & A Pizza may be relevant, but contend that this information is readily available from their W-2 forms.

In reply, the R & A defendants argue that the tax returns are relevant to the theories of defense, and specifically to the issue of the Brickers' mitigation of damages.  Further, they claim that they have tailored their request for tax returns to include only the relevant dates relating to their defense theories.  Additionally, they contend that they cannot obtain tip information from the records of other employers because, at least with respect to Katherine Bricker, six of her employers lack any records relating to her employment.  Finally, the defendants assert that the Brickers have not produced the income information for the period of time following their termination or constructive discharge as they had agreed.  Consequently, the defendants seek to compel this information as well.

## II. Legal Standard

The general principles involving the proper scope of

discovery are well known.  The Federal Rules of Civil Procedure authorize extremely broad discovery.  <u>United States v. Leggett & Platt, Inc.</u>, 542 F.2d 655 (6th Cir. 1976), <u>cert. denied</u> 430 U.S. 945 (1977).  Therefore, Fed.R.Civ.P. 26 is to be liberally construed in favor of allowing discovery.  <u>Dunn v. Midwestern Indemnity</u>, 88 F.R.D. 191 (S.D.Ohio 1980).  Any matter that is relevant, in the sense that it reasonably may lead to the discovery of admissible evidence, and is not privileged, can be discovered.  The concept of relevance during discovery is necessarily broader than at trial, <u>Mellon v. Cooper-Jarrett, Inc.</u>, 424 F.2d 499 (6th Cir. 1970), and "[a] court is not permitted to preclude the discovery of arguably relevant information solely because if the information were introduced at trial, it would be 'speculative' at best."  <u>Coleman v. American Red Cross</u>, 23 F.3d 1091, 1097 (6th Cir. 1994).

   Information subject to disclosure during discovery need not relate directly to the merits of the claims or defenses of the parties.  Rather, it may also relate to any of the myriad of fact-oriented issues that arise in connection with the litigation. <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340 (1978).  On the other hand, the Court has the duty to deny discovery directed to matters not legitimately within the scope of Rule 26, and to use its broad discretionary power to protect a party or person from harassment or oppression that may result even from a facially appropriate discovery request.  <u>See Herbert v. Lando</u>, 44l U.S. 153 (1979).  Additionally, the Court has discretion to limit or even preclude discovery which meets the general standard of relevance found in Rule 26(b)(1) if the discovery is unreasonably duplicative, or the burden of providing discovery outweighs the benefits, taking into account factors such as the importance of

the requested discovery to the central issues in the case, the amount in controversy, and the parties' resources. See Fed.R.Civ.P. 26(b)(2). Finally, the Court notes that the scope of permissible discovery which can be conducted without leave of court has been narrowed somewhat by the December 1, 2000 amendments to the Federal Rules. Rule 26(b) now permits discovery to be had without leave of court if that discovery "is relevant to the claim or defense of any party ...." Upon a showing of good cause, however, the Court may permit broader discovery of matters "relevant to the subject matter involved in the action." Id.

### III. Analysis

It is well-settled in the Sixth Circuit that tax returns are not privileged from disclosure. DeMarco v. C & L Masonry, Inc., 891 F.2d 1236 (6th Cir. 1989); see also Credit Life Ins. Co. v. Uniworld Ins. Co., 94 F.R.D. 113 (S.D. Ohio 1982). Some courts, in recognizing the sensitive nature of the information contained in tax returns, have adopted a qualified privilege or stricter relevancy standard. See, e.g., Terwilliger v. York International Corp., 176 F.R.D. 214 (W.D. Va. 1997). This standard applies a two-pronged test which analyzes whether the returns are relevant to the issues raised and, if so, whether the information is not otherwise available. Id. Some district courts within the Sixth Circuit have endorsed this two-part test for determining when discovery of a party's tax returns is permissible. See, e.g., Smith v. Mpire Holdings, LLC, 2010 WL 711797 (M.D. Tenn. Feb. 22, 2010); BM Investments v. Hamilton Family, L.P., 2008 WL 1995101 (E.D Mich. May 6, 2008). At the same time, other district courts have held that the appropriate analysis simply "is whether the tax returns are relevant to the claim or defense of any party. Fed.R.Civ.P. 26(b)(1)." Westbrook v. Charlie Sciara & Son Produce Co., Inc., 2008 WL 839745, at *3 (W.D. Tenn. March 27,

2008); see also Kumar v. Hilton Hotels Corp., 2009 WL 3681837 (W.D. Tenn. Oct. 30, 2009); LaPorte v. B.L. Harbert International, LLC, 2010 WL 4323077 (W.D. Ky. Oct. 26, 2010). The Sixth Circuit has not adopted the two-part test or heightened relevancy standard.  See Sciara; Kumar.

With respect to the issue of relevancy, courts typically find tax returns to be relevant in actions where a party's income is in issue, as, for example, where a claim for lost wages has been asserted.  See, e.g., Reed v. Tokio Marine and Nichido Fire Ins. Co. Ltd., 2010 WL 420921 (W.D. La. Feb. 1, 2010); Glenford Yellow Robe v. Allender, 2010 WL 1780266 (D.S.D. April 30, 2010); Twilley v. International Bedding Corp., 2009 WL 2970407 (N.D. Ind. Sept. 10, 2009); Burns v. St. Clair Housing Authority, 2008 WL 4837614 (S.D. Ill. Nov. 6, 2008).  In such cases, the information in tax returns is relevant, especially as it relates to mitigation of damages.  See, e.g., Kumar, 2009 WL 3681837; Jackson v. Unisys, Inc., 2010 WL 10018 (E.D. Pa. Jan. 4, 2010).

Here, the R & A defendants seek income tax records for both Brickers from 2007 through the present.  They contend, with respect to Hilary Bricker, that the information contained in her tax returns is relevant to her deposition testimony that she stayed at R & A Pizza despite Mr. Mentzer's alleged behavior because she needed the money.  With respect to Katherine Bricker, they contend that the information is relevant to the circumstances of her allegedly forced resignation.  With respect to both Hilary and Katherine Bricker, they contend that the information is relevant to their claims of lost wages and the issue of mitigation.

The Bricker plaintiffs do not dispute that tax returns are discoverable for a relevant time period as they relate to their lost wages claims.  However, they contend that, with respect to Katherine Bricker, tax returns for years prior to her employment

-5-

with R & A Pizza are not relevant to her lost wages claim. Further, the Bricker plaintiffs assert that income earned by either of them apart from that earned at R & A Pizza is not relevant to any of their claims. They claim that the only relevant income is that which they earned from R & A Pizza and that the R & A defendants already have that information available through W-2 statements.

    According to the amended complaint, Hilary Bricker began working for R & A Pizza on August 25, 2005, and Katherine Bricker began working for R & A Pizza on August 8, 2008. Turning first to Katherine Bricker, the R & A defendants have not addressed the issue of the relevancy of her tax returns relating to income earned prior to her employment at R & A Pizza in 2008. They have not addressed how such information could be relevant to either her lost wages claim or the circumstances of her allegedly forced resignation. Consequently, the motion to compel will be denied as to Katherine Bricker's tax returns for 2007.

    With respect to the remaining tax returns, the Court finds that the information they contain is relevant to the Brickers' claims. There is no question that both plaintiffs have put their income in issue, thereby making the information contained in the tax returns relevant to issues of lost wages and mitigation. Beyond this, however, the R & A defendants assert that the tax returns are relevant to provide them a more clear picture of the Brickers' income earned from other sources as it relates to their decisions either to remain employed by, or terminate their employment with, R & A Pizza. Presumably, this information could support defense theories that Hilary Bricker could have afforded to leave her employment at R & A Pizza but chose not to or that Katherine Bricker was not forced to resign but chose to leave because she was earning more money elsewhere. In light of this, the Court agrees that the information contained in these tax

returns may lead to the discovery of admissible evidence relating to the R & A defendants' theories of defense and, therefore, is relevant.

To the extent that this Court needs to consider the second issue of whether this information is available from other sources, the R & A defendants have demonstrated that it is not. While, as the Brickers assert, some of the information the R & A defendants are seeking is contained within W-2 forms already within their possession, this is only so with respect to the Brickers' employment with R & A Pizza.  As discussed above, based on their theories of defense, the R & A defendants seek income information from employers other than R & A Pizza during the relevant time period.  They contend that they have been unable to obtain this information from other sources because at least one former employer is no longer in business and other records are scant or non-existent.  The Brickers do not dispute the lack of availability of this information through sources other than tax returns, having instead focused their argument solely on this information's irrelevance.  For all of the above reasons, the motion to compel will be granted with respect to Hilary Bricker's tax returns from 2007 to the present and Katherine Bricker's tax returns from 2008 to the present.

The Court notes that, to the extent it is granting the motion to compel, some concern over privacy protection arises as a result of the sensitive nature of the information involved. While the Brickers have not requested any type of protective order, they summarily have expressed a privacy concern.  In recognition of this privacy concern, the R & A defendants have noted that all parties except the Brickers previously have approved a protective order in this case.  According to the R & A defendants, the Brickers have not accepted or rejected this protective order.  Consequently, to the extent the Brickers have

a privacy concern relating to this information, they are directed to consider the terms of the protective order already drafted in this case.  In the event this protective order does not appropriately address their concerns with respect to their tax returns, they may seek a protective order from the Court relating to the returns.

Finally, the Court notes that, to the extent that the Brickers have agreed to produce income verification dating from the termination of their employment with R & A Pizza but have not done so, the motion to compel will be granted.

### IV.  Conclusion

For the reasons stated above, the motion to compel (Doc. #68) is granted in part and denied in part as set forth above. Plaintiffs shall provide the tax returns for the stated years or provide authorizations for the release of those returns to the R & A defendants within seven days of the date of this order. Further, Plaintiffs shall provide the previously agreed upon income verification within the same time frame.

### V.  Procedure for Reconsideration

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge

or District Judge.  S.D. Ohio L.R. 72.4.


                                            /s/ Terence P. Kemp
                                            United States Magistrate Judge